# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANASTASIA E. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-2799 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Department of Veteran's Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the unopposed motion by United States of America ("Defendant") to dismiss for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1) (permitting such defense to be raised by motion). For the following reasons, the motion will be granted.

## Background

Anastasia E. Young ("Plaintiff") was honorably discharged in 1994 from military service. (Compl. at 1, ECF No. 1.) In April 2013, she was informed by the Regional Office of the Department of Veteran's Affairs ("VA") that her disability rating was to be reduced from 100 percent to 30 percent. (*Id.* ¶ 4.) She filed a Notice of Disagreement, but the rating was reduced in July 2013 to 30 percent. (*Id.* ¶¶ 5-6.) In August, she appealed the reduction with the VA. (*Id.* ¶ 7-8.) Plaintiff's 100 percent rating was reinstated in November 2015. (*Id.* ¶¶ 10, 19.) Plaintiff alleges that in the interim she and her husband suffered economic harm, including incurring medical bills and having their home foreclosed upon. (*Id.* ¶ 11-18.) Although she was awarded back benefits, the award did not fully compensate her for the damage caused by erroneous

reduction. (*Id.* ¶ 20.) She argues that this Court has jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2675(a), and prays that she be awarded monetary damages in the amount of $3,500,000.00. (*Id.* at 4.)

Plaintiff filed her tort claim with the VA on August 25, 2016. (Def. Ex. 1, ECF No. 4-1.) This claim was for the same amount and included the same allegations as in this FTCA complaint. (*Id.* at 2, 4-5.) Plaintiff was notified of the denial of her claim by letter dated February 13, 2017. (Def. Ex. 2, ECF No. 4-2.) The letter advised her that she could request that the denial be reconsidered. (*Id.*) She could mail, fax, or e-mail the request, but it had to be received within six months of the date of mailing of the denial letter. (*Id.*) If she requested reconsideration, the VA had six months from the date of the denial letter to make its decision and her right to file suit would not accrue until that six-month period ended. (*Id.*) Alternatively, she could file a FTCA complaint without requesting reconsideration; such a complaint had to be filed within six months after the date of the letter. (*Id.*)

Six months and five days later, on August 25, 2017 she filed a request for reconsideration with the VA. (Def. Ex. 3, ECF No. 4-3.) On November 30, 2017, she filed this action.

Defendant alleges, without contradiction, that a decision on Plaintiff's request for reconsideration has not been made.

Defendant argues that the case should be dismissed because Plaintiff's request for reconsideration of the VA's decision denying her administrative tort claim (a) was untimely and (b) is still pending before that agency.

<u>Discussion</u>

When ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court "must distinguish between a facial attack and a factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In the former, the Court looks only at the pleadings and determines if Plaintiff has alleged a basis for subject matter jurisdiction. *Id.* In the latter, "the existence of subject matter jurisdiction [is challenged] in fact, irrespective of the pleadings and matters outside the pleadings . . . are considered." *Id.* at 914-15 (first alteration in original) (interim quotations omitted). In a factual attack, the nonmoving party does "not enjoy the benefit of the allegations in its pleadings as being accepted as true." *Id.* at 915. *Accord Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013). Additionally, "[p]resentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

Title 28 U.S.C. § 2675(a) reads that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Plaintiff was notified in writing on February 13, 2017 that her claim was denied and that she could, within six months, request reconsideration or file suit. She requested reconsideration six months and five days later. Title 28 C.F.R. § 14.9(b) reads:

> Prior to the commencement of suit and prior to the expiration of the 6–month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration the agency shall have 6 months from the

3

date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration.

*See Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010) (noting that time limits under § 14.9(b) are strictly enforced). A request for reconsideration prevents the VA's denial from becoming a final denial "and tolls the six-month limitation period until either the VA responds or six more months have passed." *Berti v. VA Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988). The administrative appeal

The Eighth Circuit Court of Appeals has "long held that compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (en banc).

The letter advising Plaintiff of the denial of her claim against the VA for damages incurred as a result of the erroneous reduction in benefits for twenty-eight months was dated February 13, 2017. Her request for reconsideration was dated August 25, 2017 and was filed out-of-time. *See Berti*, 860 F.2d at 340 (affirming dismissal of FTCA claim against VA on grounds request for reconsideration was filed too late). This action was filed November 13, 2017. Conversely, had the request been timely filed, this action was premature. [1]

## Conclusion

It is undisputed that Plaintiff filed her request for reconsideration after the mandatory six-month period had passed and filed this action before the six-month tolling period of 28 C.F.R. § 14.9(b) had ended. Accordingly,

---

[1]Because the complaint to be untimely, the Court declines to reach the issue whether the denial by the VA of Plaintiff's claim for damages may not be reviewed. *See* 38 U.S.C. § 511 (providing that decision of Secretary of VA "under a law that affects the provision of benefits" is final and may not be reviewed by a court).

**IT IS HEREBY ORDERED** that the motion of the United States to dismiss for lack of

subject matter jurisdiction [ECF No. 3] is GRANTED.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this ___9th___ day of March, 2018.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**